UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GEORGE CASTEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-327 |
| | ) | *Collier / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is a motion to dismiss or, in the alternative, for summary judgment [Doc. 9] filed by the Commissioner, who seeks dismissal of Plaintiff's complaint due to late filing. For the reasons outlined below, I **RECOMMEND** the Commissioner's motion be **GRANTED** and Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

**I.     PROCEDURAL HISTORY AND APPLICABLE LAW**

The declaration submitted by the Commissioner establishes the Appeals Council sent Plaintiff a letter with its decision on July 25, 2012 [Doc. 10-1 at PageID# 36-40]. The applicable statute for seeking judicial review after the exhaustion of administrative remedies instructs that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The claimant is deemed to have received notice five days after the date on the notice, in this case, July 30, making the 60 day deadline for filing an action in this Court September 28, 2012. *See* 20 C.F.R. § 404.901, 422.210(c). Plaintiff filed an application to

proceed *in forma pauperis* and his complaint on October 2, 2012 [Docs. 1 & 2].[1]

The United States Supreme Court has declared this 60 day deadline is a period of limitations, not a jurisdictional bar, thus, equitable tolling principles apply. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986). "In the absence of arguments alleging an erroneous calculation of the 60 day period, a plaintiff must contend that a motion to dismiss should be denied because 'equitable circumstances' exist to toll the limitations period." *Mays v. Comm'r of Soc. Sec.*, 1:08CV871, 2010 WL 749727, at *3 (S.D. Ohio Mar. 1, 2010).

## II.  STANDARD OF REVIEW

Because both parties have submitted materials outside the pleadings for consideration, the Commissioner's motion must be considered one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 465 (6th Cir. 2010). The potential application of Rule 12(d) was disclosed in the Commissioner's motion and memorandum, Plaintiff also submitted materials outside the pleadings, and it does not appear other materials would be applicable to deciding the motion; therefore, it does not appear that either party needs additional notice to disclose any other pertinent materials.

Summary judgment is mandatory where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that *matters*—i.e., a fact that, if found to be true, might "affect the outcome" of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The applicable

---

[1] Federal Rule of Civil Procedure 6(d), which gives an additional three days for most filings, does not apply to this scenario even though Plaintiff's complaint was received on October 1, 2012. *See Banks v. Astrue*, 1:09CV-00022-J, 2009 WL 2046861, at *2 (W.D. Ky. July 13, 2009) (noting the five-day grace period is in a regulation and would appear to be outside the scope of Rule 6).

2

substantive law provides the frame of reference to determine which facts are material. *Anderson*, 477 U.S. at 248. A "genuine" dispute exists with respect to a material fact when the evidence would enable a reasonable jury to find for the non-moving party. *Id.*; *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). In determining whether a dispute is "genuine," the court cannot weigh the evidence or determine the truth of any matter in dispute. *Id.* at 249. Instead, the court must view the facts and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports*, 253 F.3d at 907. A mere scintilla of evidence is not enough to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. ANALYSIS

The Commissioner argues Plaintiff's complaint should be dismissed because it was filed more than 60 days after receipt of the Appeals Council decision and Plaintiff did not request an extension of time [Doc. 10 at PageID# 28-30]. The Commissioner further asserts there are no circumstances warranting equitable tolling of the limitations period [*id.* at PageID# 30-31]. The Commissioner submitted the declaration of Patrick J. Herbst in support of the motion, along with the Appeals Council letter to Plaintiff and the decision by the Administrative Law Judge ("ALJ") [Doc. 10-1]. Plaintiff asserts his complaint was placed in the mail on September 28, 2012 and received by the Court on October 1, 2012 and submits the return receipts to that effect[2] [Doc. 11 at PageID# 54, Docs. 11-1 & 11-2]. Plaintiff argues the complaint should be considered timely

---

[2] The Court would note that the return receipts submitted as Exhibits 1 and 2 to Doc. 11 do not reflect the address of the Court, but rather the address of the United States Attorney's Office in Chattanooga [Doc. 11 at PageID# 57 & PageID# 58, Docs. 11-1 & 11-2].

3

because the action was "commenced" by mailing the complaint on the last day of the limitations period, that the documents were mailed because Plaintiff's counsel's office encountered difficulties in electronically filing the documents, and that Plaintiff's counsel's office is located 133 miles from the Court's location in Chattanooga, Tennessee, making physical delivery of the complaint on September 28, 2012 impractical [Doc. 11 at PageID# 54]. The Commissioner submitted a reply arguing that mailing the complaint is not sufficient to "commence" the action pursuant to Fed. R. Civ. P. 3 and the correct date of inquiry is, instead, when the complaint is received by the Court [Doc. 12 at PageID# 59-60]. In this case, the complaint was received by the Court on October 1, 2012, making it untimely [*id.* at PageID# 60]. The Commissioner further asserts there are no extraordinary circumstances warranting tolling of the 60-day limitations period [*id.*].

Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." A paper is filed by delivering it to the clerk or to a judge who agrees to accept it for filing. *See* Fed. R. Civ. P. 5(d)(2). Mailing is not a form in which Plaintiff could file his complaint; therefore, Plaintiff's complaint was filed outside the limitations period and is only timely if equitable tolling applies. The United States Court of Appeals for the Sixth Circuit has typically reviewed the following factors to determine if equitable tolling should apply: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). Here, the first two factors and the fifth are largely irrelevant and do not weigh in Plaintiff's favor as Plaintiff is represented by counsel, who should be aware of the filing requirements. Plaintiff's counsel was not particularly diligent in

pursuing the case, as the complaint was mailed the last day of the limitations period, but it is unlikely that the Commissioner is prejudiced by the fact that the complaint was filed a few days late.

Nonetheless, the district courts addressing this issue have come to varying conclusions. In one case involving very similar facts (difficulties in electronic filing, distance from the courthouse making it impractical to hand deliver the complaint on the last day, and subsequent mailing of the complaint), the court did not find persuasive circumstances to toll the limitations period. *See Banks*, 2009 WL 2046861, at *2-4 (noting dissatisfaction that counsel waited until the "last minute" to file the complaint). Other courts have similarly held that short delays in filing the complaint warrant dismissal even when the complaint was mailed within the limitations period. *See Clark v. Comm'r of Soc. Sec.*, 1:11-CV-1255, 2012 WL 1830218, at *3-4 (W.D. Mich. May 18, 2012) (rejecting the "mailbox rule" and dismissing case when complaint was mailed and thus filed two days late); *Bowen v. Sec'y of Health, Ed. & Welfare*, 46 F.R.D. 41, 42-43 (W.D. Mich. 1968) (dismissing case when complaint was mailed and arrived one day late). In *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007), the Sixth Circuit dismissed a complaint which was filed one day late and, in addressing whether equitable tolling would apply, the Sixth Circuit noted that "[a]lthough allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.* at 437. *See also Fleming v. Astrue*, 12-cv-11268, 2012 WL 6738473, at *5-6 (E.D. Mich. Oct. 29, 2012), *report and recommendation adopted sub nom*, *Fleming v. Comm'r of Soc. Sec.*, 12-CV-11268-DT, 2012 WL 6738475 (E.D. Mich. Dec. 31, 2012) (citing *Cook* in support of dismissal of a complaint filed two days late).

Other courts have found equitable tolling principles applicable for delays in filing the complaint. *See Mays*, 2010 WL 749727, at *2-3 (noting the preference for deciding cases on the merits and permitting equitable tolling where confusing circumstances resulted in the filing of the complaint approximately six weeks late); *Parsons v. Comm'r of Soc. Sec.*, 1:09 CV 102, 2010 WL 2640023, at *2-3 (N.D. Ohio May 6, 2010) *report and recommendation adopted sub nom*, *Parsons v. Astrue*, 1:09 CV 102, 2010 WL 2639899 (N.D. Ohio June 29, 2010) (finding that circumstances of Plaintiff's mental impairment and infrequent access to the post office caused delays which warranted the application of equitable tolling to a complaint filed three days late).

Although I am mindful of the Sixth Circuit's general preference for trials on the merits, *see Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986), I am also mindful that the acknowledgment of this preference usually occurs in cases where the district court complaint is the first attempt at seeking relief. Here, Plaintiff has proceeded through three levels of administrative review afforded by the Social Security Administration, making the filing of this case his fourth attempt at seeking relief. The 60 day deadline (and 65 days total) is by no means onerous, and Plaintiff's counsel offers no extraordinary circumstances to explain the delay in filing the complaint on the last day available to him. Unlike the cases above where equitable tolling was found to apply under fairly unique circumstances, Plaintiff has presented no circumstances here that would warrant similar treatment.

Therefore, I **FIND** Plaintiff's complaint was not filed timely and I **CONCLUDE** Plaintiff has not established any circumstances that would warrant equitable tolling of the limitations period. As a result, I **CONCLUDE** Plaintiff's case was filed outside the limitations period and Plaintiff's complaint should be dismissed.

## IV. CONCLUSION

For the reasons outlined above, I **RECOMMEND**[3] that the Commissioner's motion to dismiss or, in the alternative, for summary judgment [Doc. 9] be **GRANTED** and Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).